**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MEMAH KAMARA,
Petitioner,

v.

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

No. 97-1328

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A73-121-476)

Submitted: August 19, 1997

Decided: September 30, 1997

Before HALL, WILKINS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Carrie Crawford, Laurel, Maryland, for Petitioner. Frank W. Hunger,
Assistant Attorney General, Elizabeth A. Welsh, Senior Litigation
Counsel, Linda S. Wernery, Office of Immigration Litigation, Civil
Division, UNITED STATES DEPARTMENT OF JUSTICE, Wash-
ington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Memah Kamara petitions for review of an order of the Board of Immigration Appeals ("the Board") denying her application for asylum and withholding of deportation but granting voluntary departure or, in the alternative, ordering deportation to the United Kingdom. Because substantial evidence supports the Board's decision, we affirm.

Kamara, a native and citizen of Sierra Leone, entered the United States as a visitor in 1990. She overstayed her visa and has conceded her deportability. Following a hearing, an Immigration Judge denied Kamara's petitions for asylum and withholding of deportation but granted her application for voluntary departure or, in the alternative, ordered deportation to the United Kingdom. The Board reviewed the claims and dismissed her appeal. Kamara timely petitions this court for review of the Board's order.

In her petition, Kamara does not allege that she suffered past persecution. Instead, Kamara claims that she has a genuine, well-founded fear that if she returns to Sierra Leone her life will be in danger because of her nationality. She states that her fear is based on the attacks by outside forces who are terrorizing the people of Sierra Leone. Kamara states further that persecution is feared all over Sierra Leone, with the exception of Freetown, where Kamara resided prior to visiting the United States.

An alien qualifies for asylum if she is unable or unwilling to return to the country of her nationality "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . ." 8 U.S.C.A. § 1101(a)(42)(A) (West Supp. 1997). The well-founded fear standard contains both a subjective and an objective component. See

2

INS v. Cardoza-Fonseca, 480 U.S. 421, 430-32 (1987). The subjective element requires a genuine fear on the part of the alien. See Figeroa v. INS, 886 F.2d 76, 79 (4th Cir. 1989). The objective component requires credible, specific, direct evidence supporting a reasonable fear that the alien faces persecution. See id.

We must uphold the Board's decision if it is supported by substantial evidence from the record as a whole. See Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995, 999 (4th Cir. 1992). The reviewing court can reverse the Board only if the evidence "was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We conclude that substantial evidence supports the Board's finding that Kamara failed to show that she has a well-founded fear or clear probability of future persecution on account of her nationality. See Figeroa, 886 F.2d at 79-81. The record does not establish that Kamara has a reasonable fear that any group would persecute her because of her nationality. The record also fails to show that the rebels were attacking the people of Sierra Leone based on their nationality. Instead, the record reflects that the attacks have been between different ethnic groups within Sierra Leone and have been motivated by material gain or opposition to the ruling junta. Further, although several members of Kamara's family have been killed, the record does not show that the killings were based on their nationality. Thus, we find that substantial evidence supports the Board's conclusion that the generally harsh conditions alleged by Kamara fail to establish that she has a reasonable fear of future persecution based upon her nationality. See M.A. v. INS, 899 F.2d 304, 315 (4th Cir. 1990) (in banc) (rejecting assertion that fear due to "general violence or unrest" in country can establish individualized threat of persecution); see also Huaman-Cornelio, 979 F.2d at 1000 (finding that asylum is not warranted for person who fears general danger which accompanies political unrest).

Further, we conclude that substantial evidence supports the Board's finding that even if Kamara had proven that she had a reasonable fear of persecution based upon her nationality, her asylum claim fails because Kamara failed to show that the persecution by the rebels is nationwide. See Etugh v. INS, 921 F.2d 36, 39 (3d Cir. 1990) (concluding that alien did not make out prima facie case of asylum when

3

he failed to allege that danger of persecution was nationwide). The record supports the Board's determination that, as of the date of her deportation hearing, Freetown, where she resided prior to visiting the United States, was not under attack by the rebels. We find that substantial evidence supports the Board's conclusion that Kamara could safely return to Freetown, and thus she does not meet her burden of proof for asylum. See Etugh, 921 F.2d at 39.

Because Kamara fails to meet the burden of proof for asylum, it is not necessary for us to decide whether she meets the higher standard for withholding of deportation under 8 U.S.C.A.§ 1253(h) (West Supp. 1997). See Cardoza-Fonseca, 480 U.S. at 430-32; Rivera-Cruz v. INS, 948 F.2d 962, 969 (5th Cir. 1991).

We affirm the Board's ruling denying Kamara asylum and withholding of deportation but granting voluntary departure or, in the alternative, ordering deportation to the United Kingdom. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4