**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DANIEL WOLDEHANA,
Petitioner,

v.

No. 96-2746

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals.
(A70-509-195)

Submitted: October 28, 1997

Decided: November 26, 1997

Before MURNAGHAN, WILKINS, and
MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William Hamilton Rhodes, Arlington, Virginia, for Petitioner. Frank
W. Hunger, Assistant Attorney General, Mark C. Walters, Assistant
Director, Linda S. Wernery, Office of Immigration Litigation,
UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Daniel Woldehana petitions for review of an order of the Board of Immigration Appeals ("the Board") denying his application for asylum and withholding of deportation but granting voluntary departure. Because substantial evidence supports the Board's decision, we affirm.

Woldehana, a native and citizen of Ethiopia, entered the United States as a non-immigrant visitor in 1990. He overstayed his visa and conceded his deportability. Following a hearing, an Immigration Judge denied Woldehana's petition for asylum and withholding of deportation but granted his application for voluntary departure. The Board reviewed the claims and dismissed his appeal concluding that Woldehana did not demonstrate a well-founded fear of persecution. Woldehana timely petitions this court for review of the Board's order.

In his petition, Woldehana states that he fears returning to Ethiopia because of the likelihood that he will be arrested and tortured due to his membership in a political party that opposes the current regime. Woldehana is a member of the Coalition of Ethiopian Democratic Forces ("COEDF") and the Ethiopian Democratic Union ("EDU"), organizations which do not recognize the current government, the Transitional Government of Ethiopia ("TGE"). Due to his active participation in demonstrations in Washington, D.C., Woldehana believes that he has been identified as a member of the COEDF and EDU by supporters of the current Ethiopian government. Some of these demonstrations resulted in confrontations between Woldehana and TGE supporters. He also maintains that former exiles who once were members of the EDU but are now linked with the current government are aware of his political views. This, Woldehana alleges, would make his persecution in Ethiopia even more likely. Woldehana refers to Dawit Yohannes, special legal advisor to TGE President

2

Meles Zenawi, and also the brother-in-law of one of his good friends. Woldehana and Yohannes engaged in heated conversations in which Woldehana openly expressed his political views.

An alien qualifies for asylum if he is unable or unwilling to return to the country of his nationality "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . ." 8 U.S.C.A. § 1101(a)(42)(A) (West Supp. 1997). To demonstrate a "well-founded fear of persecution," an individual must show that a reasonable person under these circumstances would fear persecution and that the fear has some basis "in the reality of the circumstances" validated with "specific concrete facts." Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995, 999 (4th Cir. 1992). Petitioner must also show his fear of persecution stems from one of five categories of persecution listed in the Act. See id. at 999-1000.

We must uphold the board's decision if it is supported by substantial evidence from the record as a whole. See Huaman-Cornelio, 979 F.2d at 999. We reverse the Board only if the evidence "was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias , 502 U.S. 478, 483-84 (1992). We also note that to qualify for withholding of deportation, an alien must prove a probability of persecution, a more stringent standard than a well-founded fear of persecution. See Huaman-Cornelio, 979 F.2d at 1000.

We conclude that substantial evidence supports the Board's finding that Woldehana failed to establish a well-founded fear of future persecution.* Woldehana presented no evidence suggesting that he is well recognized by the TGE government as a political opponent. Moreover, as the Immigration Judge noted, Woldehana's fear of future persecution is primarily founded on his activities while in the United States. The Judge found the claim that the short encounters with TGE supporters would lead to persecution in Ethiopia speculative. Further-

_____

*Although Woldehana alleged in a July 1994 statement that he was beaten and detained in 1990 by the Ethiopian government, the Board found that Woldehana abandoned any claim of past persecution because he offered no testimony in this regard at the hearing.

3

more, there is no evidence to support Woldehana's allegation that Yohannes would subject him to persecution because of their previous political conversations. There is no evidence that any of the TGE supporters Woldehana encountered even remembered the conversations. We find sufficient support for the Board's conclusion that Woldehana failed to establish that a reasonable person in his circumstances would fear prosecution on account of his political opinion.

We further conclude that Woldehana failed to establish that the TGE government engaged in a "pattern or practice" of persecuting members of the COEDF or the EDU. See 8 C.F.R. § 208.13(b)(2)(I) (1995). First, evidence of persecution of EDU members is limited to the province of Tigray. Woldehana fails to show that this persecution is nationwide. See Etugh v. INS, 921 F.2d 36, 39 (3d Cir. 1990) (concluding that alien did not make out prima facie case of asylum when he failed to allege that danger of persecution was nationwide). Second, the record reflects no general persecution of COEDF members. Rather, it discloses that some leaders may have been legitimately detained for criminal investigation, which does not constitute persecution. See Sadeghi v. INS, 40 F.3d 1139, 1142 (10th Cir. 1994).

Because Woldehana fails to meet the burden of proof for asylum, he necessarily fails to meet the higher standard for withholding of deportation under 8 U.S.C.A. § 1253(h) (West Supp. 1997). See Huaman-Cornelio, 979 F.2d at 1000. We therefore affirm the Board's ruling denying Woldehana asylum and withholding of deportation but granting voluntary departure. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4