**Dahyabhai PATEL, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 01–3096.

United States Court of Appeals, Sixth Circuit.

Oct. 26, 2001.

Before BOGGS and GILMAN, Circuit Judges; QUIST, District Judge.*

### ORDER

Dahyabhai Patel, a native of India currently residing in Michigan, petitions through counsel for review of an order of the Board of Immigration Appeals dismissing his appeal from a decision of an Immigration Judge denying him relief in the form of asylum or withholding of deportation, pursuant to 8 U.S.C. §§ 1158 and 1253(h). The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Patel entered the United States in 1993 without inspection, and concedes deportability on that basis. He applied for asylum or withholding of deportation on the ground that he was persecuted in India on the basis of his religion, and has a well-founded fear of further persecution if he returns. Specifically, Patel alleged that he was a very active practitioner of the Hindu religion. As part of his religious practice, he played religious music and prayers over the public address system every morning at 5:00 a.m. to awaken his village for prayer. He related that the approximately 7,000 Hindus in his village had restricted the approximately 600 Muslims from playing drums during Ramadan, following which he was confronted by Muslim youths armed with knives and sticks, who threatened him with violence if he continued to play religious music in the mornings. This happened on two occasions. On the first occasion, Patel reported the confrontation

---

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

to the village chief. Following the second event, Patel fled to his brother's home in a nearby village. Upon hearing that the Muslim youths were looking for him there, he fled to the United States.

An Immigration Judge (IJ) denied Patel's applications for asylum or withholding, but granted him the relief of voluntary departure pursuant to 8 U.S.C. § 1254(e). The Board of Immigration Appeals adopted the IJ's decision and dismissed Patel's appeal. Patel's brief before this court reiterates the arguments presented below.

■ A decision denying asylum will be upheld if supported by substantial evidence, and may be overturned only if the evidence is so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). The evidence in this case does not meet that standard.

■ On the contrary, Patel's claim fails in several respects. In order to be eligible for asylum, it must be established that the persecution alleged is national in scope, and cannot be avoided by relocating to other parts of the country. *Bhatt v. Reno*, 172 F.3d 978, 982 (7th Cir.1999); *Etugh v. United States INS*, 921 F.2d 36, 39 (3d Cir.1990). Here, it is reasonable to conclude that Patel could relocate elsewhere in India and avoid the conflict. Secondly, it must be shown that if the government itself is not responsible for the persecution, it is unable or unwilling to control the group responsible. *Singh v. INS*, 134 F.3d 962, 967 n .9 (9th Cir.1998); *Sotelo–Aquije v. Slattery*, 17 F.3d 33, 37 (2d Cir.1994). In the instant case, Patel reported the first incident to the village chief, but did not bring the second incident to the attention of the authorities. He did not show that the government was unable to protect him. Finally, the evidence pre-sented did not compel a finding that Patel was subjected to persecution, as he alleged only threatened violence. *Cf. Gumbol v. INS*, 815 F.2d 406, 412–13 (6th Cir.1987) (beating did not constitute persecution).

It is also apparent that, because Patel did not establish eligibility for asylum, he cannot meet the more difficult standard required for withholding of deportation. *Kratchmarov v. Heston*, 172 F.3d 551, 555 (8th Cir.1999).

Therefore, the petition for review is denied.