

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-16-2005

# Fei v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3407

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Fei v. Atty Gen USA" (2005). *2005 Decisions.* Paper 1185.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1185

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-3407
_____

SHI FEI,

Petitioner

v.

*ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

*(Caption amended pursuant to Rule 43(c), Fed. R. App. P.)
_____

On Review of a Decision of the
Board of Immigration Appeals
(Agency No. A77 121 721)
_____

Submitted Under Third Circuit LAR 34.1(a)
May 13, 2005

Before:  ALITO, SMITH AND BECKER, CIRCUIT JUDGES

(Filed : May 16, 2005 )

_____

OPINION
_____

PER CURIAM

Shi Fei, a citizen of China, petitions for review of a final order of the Board of

Immigration Appeals (BIA).  We will deny the petition for review.

I.

In 2001, Shi attempted to enter the United States without any valid documents. When questioned, he asked for asylum. During subsequent proceedings before an immigration judge (IJ), Shi conceded removability but sought asylum, withholding of removal, and protection under the Convention Against Torture. Shi's applications for relief relied on two allegations: (i) that his girlfriend was forced by Chinese family planning officials to have an abortion and (ii) that he feared he would be sent to jail, and subjected to abuse there, on removal because this was the second time he had left China illegally. The IJ denied relief, and the Board of Immigration Appeals (BIA) affirmed without opinion. Shi timely petitioned for review.

II.

Because the BIA did not provide any independent analysis, we review the decision of the IJ as if it were the BIA's decision. Abdulai v. Ashcroft, 239 F.3d 542, 549 n.2 (3d Cir. 2001). Our standard of review is narrow. We must sustain the IJ's removal order if there is substantial evidence in the record to support it. Abdille v. Ashcroft, 242 F.3d 477, 483 (3d Cir. 2001). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Senathirajah v. INS, 157 F.3d 210, 216 (3d Cir. 1998) (quotation omitted). This is a deferential standard, and the IJ's "finding must be upheld unless the evidence

not only supports a contrary conclusion, but compels it." Abdille, 242 F.3d at 483-84

(citing INS v. Elias-Zacarias, 502 U.S. 478, 481 & n.1 (1992)).

To qualify for asylum, a petitioner must be unwilling to return to his country

"because of persecution or a well-founded fear of persecution on account of race,

religion, nationality, membership in a particular social group, or political opinion." INA

§ 101(a)(42)(A) [8 U.S.C. § 1101(a)(42)(A)]. The fear must be both subjective and

"supported by objective evidence that persecution is a reasonable possibility." Lin v.

INS, 238 F.3d 239, 244 (3d Cir. 2001) (quotation omitted). To obtain withholding of

removal, an applicant must establish that his "life or freedom would be threatened" on the

basis of the categories listed in the asylum statute. INA § 241(b)(3)(A) [8 U.S.C.

§ 1231(b)(3)(A)]. To obtain protection under the Convention Against Torture, an

applicant must show it is more likely than not that he will be subjected to torture on

removal. Auguste v. Ridge, 395 F.3d 123, 149 (3d Cir. 2005).

## III.

Shi contends the IJ should have awarded him relief because of the forced abortion

suffered by his girlfriend. See Petitioner's Informal Brief ¶¶ 3, 7. A "person who has

been forced to abort a pregnancy or to undergo involuntary sterilization" is deemed, by

statute, to have been subjected to persecution. INA § 101(a)(42) [8 U.S.C.

§ 1101(a)(42)]. The BIA has extended this protection to the *spouses* of persons forced to

submit to coercive family planning policies, see Matter of C-Y-Z-, 21 I. & N. Dec. 915,

3

917, 919 (BIA 1997) (en banc), but it has declined to offer similar protection to unmarried partners. See Chen v. Ashcroft, 381 F.3d 221, 227 (3d Cir. 2004). We recently upheld the Board's decision not to extend relief beyond spouses. See id. at 235. That precedent controls here.

IV.

Shi's remaining argument is that the IJ erroneously refused to award relief based on the likelihood that he will be jailed on return to China as punishment for an illegal departure. See Petitioner's Informal Brief ¶¶ 3, 7. He stresses that when he previously left China without permission, in 1999, he was detained for two weeks and forced to pay a fine. Id. ¶ 3; A.R. 214-15.[1] Upon review of the administrative record, and mindful of the deferential standard of review, we cannot disturb the IJ's decision.

"[F]ear of prosecution for violations of 'fairly administered laws' does not itself qualify one as a 'refugee' or make one eligible for withholding of [removal]." Chang v. INS, 119 F.3d 1055, 1060 (3d Cir. 1997). Only when it occurs "on account of" some improper ground, such as political opinion, can prosecution under a generally applicable law rise to the level of persecution. See id. at 1061-62. Here, the IJ found no reason to suspect that Shi might be prosecuted as a means of persecuting him on the basis of some

_____

[1] In his brief, Shi states that he was "beaten up" in the Shanghai detention center where he spent two weeks in 1999. Petitioner's Informal Brief ¶ 3. He did not make this allegation in the administrative proceedings, however. See A.R. 275 (asylum application, 214-15 (hearing testimony). Accordingly, we may not consider it here. See INA § 242(b)(4)(A) [8 U.S.C. § 1252(b)(4)(A)] (limiting our review to matters in the administrative record).

status protected by the Immigration and Nationality Act (INA). A.R. 132. That conclusion rests on substantial evidence. Indeed, we note that Shi's prior arrest for illegal departure occurred well before he had any encounters with family planning officials. See A.R. 212-14. This fact suggests that prosecutions for illegal departure do occur routinely (or, at least, that they occur in the absence of any motive that would be important under the INA). Shi, moreover, provided the IJ with no tangible reason to think that any future prosecution for illegal departure would be the result of, or made worse by, his girlfriend's pregnancy. See A.R. 214-15. In other words, Shi did not make out any case that he reasonably fears a future prosecution that would be initiated "on account of" some improper motive.[2] INA § 101(a)(42)(A).

## V.

For the foregoing reasons, we will deny the petition for review.

---

[2] Because Shi did not meet his burden of making out an asylum claim, he necessarily failed to allege facts sufficient to make the more demanding showing necessary for withholding of removal. See, e.g., Etugh v. INS, 921 F.2d 36, 40 (3d Cir. 1990). As the IJ concluded, see A.R. 133, nothing in the record suggests any likelihood that Shi will be tortured.