

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-4-2005

# Awan v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4638

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Awan v. Atty Gen USA" (2005). *2005 Decisions.* Paper 455.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/455

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 03-4638
_____

MUHAMMAD TAHIR AWAN,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(Agency No. A79 117 558)
_____

Submitted Under Third Circuit LAR 34.1(a)
September 26, 2005

Before: RENDELL, FUENTES and GARTH, Circuit Judges.

(Filed: October 4, 2005)

_____

OPINION OF THE COURT
_____

PER CURIAM

Muhammad Tahir Awan, a citizen of Pakistan, petitions for review of a final order

of the Board of Immigration Appeals. We will deny the petition for review.

## I.

Awan came to the United States in 2001, and he was subsequently charged with inadmissibility as an alien who entered the United States without inspection. See INA § 212(a)(6)(A)(i) [8 U.S.C. § 1182(a)(6)(A)(i)]. During proceedings before an immigration judge (IJ), Awan conceded removability but sought asylum, withholding of removal, and protection under the Convention Against Torture. Awan's applications relied on his allegations that he was arrested and detained three times, and abused on at least two of those occasions, by a former Pakistani government as a consequence of his political affiliations. The IJ denied relief, holding that Awan offered an unbelievable account of persecution. A.R. 37-42. In the alternative, the IJ held that the subsequent change in government in Pakistan meant that, even if Awan had been persecuted in the past, he no longer had a reasonable fear of future persecution. A.R. 36-37, 42. The BIA affirmed without opinion. A.R. 2. Awan timely petitioned for review.[1]

## II.

Because the BIA did not provide any independent analysis, we review the decision of the IJ as if it were the BIA's decision. Abdulai v. Ashcroft, 239 F.3d 542, 549 n.2 (3d Cir. 2001). Our standard of review is narrow. We must sustain the IJ's removal order if

---

[1] Previously, this proceeding was dismissed on Awan's motion pursuant to Fed. R. App. P. 42(b). Thereafter, he sought and obtained permission to reopen the proceeding.

there is substantial evidence in the record to support it.  Abdille v. Ashcroft, 242 F.3d 477, 483 (3d Cir. 2001).  "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Senathirajah v. INS, 157 F.3d 210, 216 (3d Cir. 1998) (quotation omitted).  This is a deferential standard, and the IJ's "finding must be upheld unless the evidence not only supports a contrary conclusion, but compels it."  Abdille, 242 F.3d at 483-84 (citing INS v. Elias-Zacarias, 502 U.S. 478, 481 & n.1 (1992)).

To qualify for asylum, a petitioner must be unwilling to return to his country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."  INA § 101(a)(42)(A) [8 U.S.C. § 1101(a)(42)(A)].  The fear must be both subjective and "supported by objective evidence that persecution is a reasonable possibility."  Lin v. INS, 238 F.3d 239, 244 (3d Cir. 2001) (quotation omitted).  To obtain withholding of removal, an applicant must establish that his "life or freedom would be threatened" on the basis of the categories listed in the asylum statute.  INA § 241(b)(3)(A) [8 U.S.C. § 1231(b)(3)(A)].  To obtain protection under the Convention Against Torture, an applicant must show it is more likely than not that he will be subjected to torture on removal.  Auguste v. Ridge, 395 F.3d 123, 149 (3d Cir. 2005).

III.

The IJ's adverse credibility determination rests on substantial evidence.  See Dia v.

3

Ashcroft, 353 F.3d 228, 247 (3d Cir. 2003) (en banc) (discussing the standard in the context of an adverse credibility determination). Among other things, the IJ concluded that Awan's story of persecution was unbelievable, given his admission at the immigration hearing that he left and returned to Pakistan twice during the sequence of arrests. A.R. 33-36. Notably, Awan testified that the first of these trips out of Pakistan— occurring after, at least, the *second* arrest—was a month-long pleasure trip to Indonesia. A.R. 81-82. The second trip—also occurring after the second, or possibly the third, arrest—was to Denmark, and Awan returned to Pakistan after only either 14 or 15 days. A.R. 80, 82-83. Awan testified that he left Pakistan for Denmark to flee persecution but quickly returned when his mother suffered problems with her blood pressure. A.R. 81. The IJ doubted that anyone who had actually suffered what Awan alleged (arrests, stints in detention, and beatings) would have returned to the site of his persecution either (a) after a vacation (or any other trip abroad) or (b) on the occasion of anything less than a catastrophic illness of a close family member. A.R. 33-36. The IJ's conclusion was reasonable. See Berishaj v. Ashcroft, 378 F.3d 314, 324 (3d Cir. 2004) (noting that an adverse credibility determination may properly rest on the implausibility or inherent improbability of an alien's story). Certainly, the evidence presented by Awan during the removal proceedings did not "compel" a contrary conclusion. See Abdille, 242 F.3d at 483-84.

The IJ also relied on a significant inconsistency in Awan's hearing testimony.

4

Awan first testified that his third arrest by Pakistani officials occurred in December 2000, over three years after the first two arrests. A.R. 99; see also A.R. 100 (Awan, insisting that his written asylum application also stated that the third arrest occurred in 2000). When the IJ pointed out that his asylum application indicated something different, Awan backtracked, first indicating that the arrest occurred in December 1998 and then settling on December 1997.[2] A.R. 101. This inconsistency goes "to the heart" of Awan's asylum claim, making it an appropriate basis for the IJ's credibility determination. Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002).[3] Given this notable inconsistency, as well as the implausible testimony noted in the preceding paragraph, *and* the deferential standard of review that governs, we could not possibly disturb the IJ's adverse credibility determination.

## IV.

In denying relief, the IJ relied in the alternative on her conclusion that—even if Awan had suffered persecution by a prior regime—the Government had satisfied its

---

[2] Awan attempted to explain his contradictory testimony by suggesting that his "brain [was] not functioning properly," A.R. 102, but he provided no evidence of any memory or neuropsychological problem. The IJ was not "compel[led]" to accept this unusual explanation. Abdille, 242 F.3d at 484.

[3] The Real ID Act of 2005 created a new INA § 208(b)(1)(B) [8 U.S.C. § 1158(b)(1)(B)] that apparently requires us to give even greater deference to an IJ's credibility determinations, even to determinations relying on inconsistencies and omissions that do *not* go "to the heart of" an alien's claims. Whatever the impact of this new provision, however, it does not apply to cases such as this one, where the asylum application was filed long before the enactment of the Real ID Act. Real ID Act of 2005, Pub. L. No. 109-13, Div. B, § 101, 119 Stat. 231 (May 11, 2005).

burden of establishing that changed country conditions in Pakistan meant that he could not have a well-grounded fear of future persecution. A.R. 36-37. As the Government notes, see Respondent's Brief, 10-11, Awan has not taken issue with this holding by the IJ. See Petitioner's Brief, *passim*. By failing to address this issue in his brief, Awan has waived any argument that the IJ's alternate conclusion constituted error. See Bohler-Uddeholm America, Inc. v. Ellwood Group, Inc., 247 F.3d 79, 108 n.15 (3d Cir. 2001) (on the consequences of failing to brief an issue). We note, in any event, that there is ample evidence in the administrative record that the regime which allegedly targeted Awan (i.e., the government of Nawaz Sharif) has been superseded by a new government that is largely hostile to the predecessor government's aims. A.R. 173-215 (2002 State Department Report); see also Berishaj, 378 F.3d at 327 (requiring that changed country conditions rebut the applicant's particular grounds for fearing future persecution).[4]

## V.

For the reasons given, we will deny the petition for review.

---

[4] Because Awan did not meet his burden of making out an asylum claim, he necessarily failed to allege facts sufficient to make the more demanding showing necessary for withholding of removal. See, e.g., Etugh v. INS, 921 F.2d 36, 40 (3d Cir. 1990). Furthermore, as the IJ concluded, see A.R. 42, nothing in the record suggests any probability that Awan will be tortured. We note, too, that the IJ properly considered whether—apart from any incredible testimony offered by Awan—there was objective evidence that Awan would probably be tortured on removal to Pakistan. See Ramsameachire v. Ashcroft, 357 F.3d 169, 184-85 (2d Cir. 2004) (noting that even an alien who gave incredible testimony might face torture for some objectively determinable reason).

6