

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-6-2006

# Singh v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3720

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Singh v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1306.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1306

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-3720
_____

BALWINDER SINGH,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Review of a Decision of the
Board of Immigration Appeals
(Agency No. A73 646 146)
_____

Submitted Under Third Circuit LAR 34.1(a)
October 12, 2005

Before: ROTH, MCKEE AND ALDISERT, CIRCUIT JUDGES

(Filed April 6, 2006)

_____

OPINION
_____

PER CURIAM

        Balwinder Singh, a citizen of India, petitions for review of a final order of the

Board of Immigration Appeals (BIA).  We will deny the petition for review.

## I.

Singh entered the United States in 1993 with a phony passport; the next year, he filed an application for asylum. The Government took no action on the application. In 2002, however, the Government initiated removal proceedings against Singh, and he filed an updated application for asylum, withholding of removal, and protection under the Convention Against Torture. At a hearing, the immigration judge (IJ) was not persuaded by Singh's story that he was persecuted by Indian police because of his activities in support of Sikh separatism. The Board of Immigration Appeals (BIA) affirmed on the basis of the IJ's adverse credibility determination. Singh timely petitioned for review.

## II.

Because the BIA did not provide any independent analysis, we review the decision of the IJ as if it were the BIA's decision. Abdulai v. Ashcroft, 239 F.3d 542, 549 n.2 (3d Cir. 2001). Our standard of review is narrow. We must sustain the IJ's removal order if there is substantial evidence in the record to support it. Abdille v. Ashcroft, 242 F.3d 477, 483 (3d Cir. 2001). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Senathirajah v. INS, 157 F.3d 210, 216 (3d Cir. 1998) (quotation omitted). This is a deferential standard, and the IJ's "finding must be upheld unless the evidence not only supports a contrary conclusion, but compels it." Abdille, 242 F.3d at 483-84 (citing INS v. Elias-Zacarias, 502 U.S. 478, 481 & n.1 (1992)).

To qualify for asylum, a petitioner must be unwilling to return to his country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." INA § 101(a)(42)(A) [8 U.S.C. § 1101(a)(42)(A)]. The fear must be both subjective and "supported by objective evidence that persecution is a reasonable possibility." Lin v. INS, 238 F.3d 239, 244 (3d Cir. 2001) (quotation omitted). To obtain withholding of removal, an applicant must establish that his "life or freedom would be threatened" on the basis of the categories listed in the asylum statute. INA § 241(b)(3)(A) [8 U.S.C. § 1231(b)(3)(A)]. To obtain protection under the Convention Against Torture, an applicant must show it is more likely than not that he will be subjected to torture on removal. Auguste v. Ridge, 395 F.3d 123, 149 (3d Cir. 2005).

### III.

The IJ's adverse credibility determination rests on substantial evidence. See Dia v. Ashcroft, 353 F.3d 228, 247 (3d Cir. 2003) (en banc) (on the standard). Singh told the IJ that the Indian police took notice of him after he became a member of the Akali Dal (Mann) political party in 1989. Once in 1991 and again in 1993, he said, the Indian police came to his home looking for him. The IJ found this story unconvincing for a number of reasons, some of which we detail below.

First, Singh could not explain inconsistencies between his 1994 asylum application and his current effort. In his earlier application, for instance, he indicated that it was his membership in a different political party, the Akali Dal *(Badal)* Party, and his position in

3

the Khalistan Commando Force that triggered the Indian government's interest in him. A.R. 192. In his new application, as well as in his testimony before the IJ, however, Singh denied any involvement in these groups. See A.R. 93-97 (at the hearing, denying any involvement with the Khalistan Commando Force), 182 (stating in the new application that he was targeted because of his involvement with Akali Dal (Mann)).[1] In the 1994 application, Singh indicated that his brother and cousin had been arrested when the police came to his home in 1991. A.R. 192. In the hearing before the IJ, though, he indicated that he had himself *also* been taken into custody in 1991 when he went to the police station after his relatives were arrested. A.R. 92-93. It is obviously difficult to understand how Singh might have omitted his own arrest from his initial application. Finally, in the 1994 application, Singh stated that he fled to the United States after being hidden by friends in the Akali Dal movement; in the new application, however, he indicated that he was living at his own home during the time in question. Compare A.R. 182 with A.R. 191.

In addition to noting inconsistencies between the two applications, the IJ also pointed to a significant inconsistency between Singh's updated asylum application and his hearing testimony. A.R. 48. In the asylum application, Singh indicated that no one was home when the police came looking for him in 1993. A.R. 182. He testified at the

---

[1] Singh conceded that the Khalistan Commando Force was a terrorist group. See A.R. 96. Notably, if Singh aided a terrorist organization, he would be statutorily ineligible for asylum. See INA § 208(b)(2)(A)(v) [8 U.S.C. § 1158(b)(2)(A)(v)]. This might explain the change in his story.

hearing, however, that his mother was home at the time. A.R. 97. Finally, in addition to all of these inconsistencies, the IJ criticized Singh for failing to offer any documentary corroboration of his involvement in Akali Dal (Mann). A.R. 49. As the IJ noted, it likely would have been possible—during his 10 years in the United States—for Singh to have obtained some kind of proof of his membership in the organization.

The inconsistencies identified by the IJ go "to the heart" of Singh's allegations of persecution, making them an appropriate basis for the adverse credibility determination. Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002).[2] Likewise, the IJ reasonably held against Singh his failure to offer any documentary corroboration of his claim. See Berishaj v. Ashcroft, 378 F.3d 314, 326 (3d Cir. 2004) (noting that an IJ may expect corroboration or a satisfactory explanation for the lack of corroboration); see also INA § 242(b)(4) [8 U.S.C. § 1252(b)(4)] (establishing quite deferential review of a "determination by a trier of fact with respect to the availability of corroborating evidence"). Given these problems (and others), as well as the deferential standard of

---

[2] The Real ID Act of 2005 created a new INA § 208(b)(1)(B) [8 U.S.C. § 1158(b)(1)(B)] that apparently requires us to give even greater deference to an IJ's credibility determinations, even to determinations relying on inconsistencies and omissions that do *not* go "to the heart of" an alien's claims. Whatever the impact of this new provision, however, it does not apply to cases such as this one, in which the asylum application was filed long before the enactment of the Real ID Act. Real ID Act of 2005, Pub. L. No. 109-13, Div. B, § 101(h)(2), 119 Stat. 231 (May 11, 2005).

review that governs, we could not possibly disturb the IJ's credibility determination.  See

See Dia, 353 F.3d at 247.[3]

IV.

For the reasons given, we will deny the petition for review.

---

[3] Because Singh did not meet his burden of making out an asylum claim, he necessarily failed to allege facts sufficient to make the more demanding showing necessary for withholding of removal.  See, e.g., Etugh v. INS, 921 F.2d 36, 40 (3d Cir. 1990).  Furthermore, as the IJ concluded, nothing in the record suggests any probability that Singh will be tortured.  See A.R. 52.