

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-27-2007

# Noel v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3643

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Noel v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1561.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1561

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3643

GUIMARD NOEL,
                                        Petitioner

v.

ATTORNEY GENERAL USA,
                                        Respondent

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A79-089-490
(U.S. Immigration Judge: Honorable Donald V. Ferlise)

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 22, 2007
Before:  SCIRICA, <u>Chief</u> <u>Judge</u>, FUENTES and SMITH, <u>Circuit</u> <u>Judges</u>

(Filed:  February 27, 2007 )

OPINION OF THE COURT

<u>PER CURIAM</u>.

        Guimard Noel petitions for review of a decision of the Board of Immigration

Appeals (BIA), dismissing his appeal of an Immigration Judge's ("IJ's") final order of

removal.  We will deny the petition.

Noel is a native and citizen of Haiti. He entered the United States in 2000 and requested asylum. In removal proceedings, he was charged with attempting to enter with a false passport and not having a valid visa. He admitted the charges through counsel. Noel's claims for relief are based on an incident he alleges occurred on November 26, 2000, an election day in Haiti. Noel had decided he would not participate in the election, because he did not support President Aristide's Lavalas party. Noel was sitting on the porch outside his family's grocery store, when he was approached by individuals carrying guns and sticks. They asked Noel whether he was going to vote, and he said no. The individuals then beat him for 15 to 20 minutes. When most of the individuals had moved on to harass others, he was able to escape. He ran to his aunt's house where he hid for fourteen or fifteen days. During this time, individuals came to the store to look for him. His parents were able to arrange for him to get a photo-substituted passport from a friend, and he left the country. He testified that if he returned to Haiti, he was afraid he would be killed by Aristide supporters.

On cross-examination, Noel admitted that none of his family voted in the election, but that he was the only one who was beaten. He believed that the Lavalas party was trying to set an example by beating strong young men, as young men were often organized in opposition to the government.

The IJ found that Noel was not credible. The IJ found it implausible that Aristide supporters would harm Noel merely because he did not vote, especially as they did not harm his family members. The IJ noted that Noel had not been able to tell him the

2

months that Presidents Cedras and Aristide came to power, and that this showed his lack of involvement with politics. The IJ also noted the differences between Noel's testimony and his affidavit; for example, the IJ pointed out that he did not say anything in his affidavit about some of the attackers wearing military uniforms. The IJ also stated that even if Noel were credible, he "would not find that the Respondent being beaten by a group of individuals since he failed to vote would constitute persecution for one of the five statutory grounds."[1]

On appeal, the Board of Immigration Appeals (BIA) found "no clear error" in the IJ's adverse credibility finding, given the inconsistencies between Noel's affidavit (8 or 9 men wearing civilian clothes) and his testimony (4 men wearing civilian clothes and 4 men wearing military uniforms). The BIA found that the inconsistencies were not minor, and also took into account Noel's evasive answers when he was asked to explain the inconsistencies. The BIA found Noel had not established a fear of future persecution, as his family remains in Haiti without harm, and that he had not established that his fear of persecution was country-wide. The BIA also noted that Noel had not established that he had experienced torture, or that he could not relocate to avoid torture in the future. Noel, proceeding pro se, filed a timely petition for review.

We review the final order of the BIA, but to the extent that the BIA adopts parts of the IJ's opinion, we review the IJ's opinion to determine whether the BIA's decision to

---

[1] The IJ's decision was first issued in 2002, it was then reissued in 2005. The record contains no explanation for this.

defer to the IJ was appropriate. <u>Zhang v. Gonzales</u>, 405 F.3d 150, 155 (3d Cir. 2005).

"We will uphold the [adverse credibility] findings . . . to the extent that they are supported

by reasonable, substantial and probative evidence on the record considered as a whole,

and will reverse those findings only if there is evidence so compelling that no reasonable

factfinder could conclude as the [IJ] did." <u>Kayembe v. Ashcroft</u>, 334 F.3d 231, 234 (3d

Cir. 2003). In general, "minor inconsistencies and minor admissions that reveal nothing

about an . . . applicant's fear for his safety are not an adequate basis for an adverse

credibility finding." <u>Gao v. Ashcroft</u>, 299 F.3d 266, 272 (3d Cir. 2002). Any

discrepancies must involve the heart of the claim. <u>Id</u>.[2]

We find some aspects of the IJ's adverse credibility finding are questionable. For

example, the IJ's disbelief that the Aristide supporters could have persecuted Noel but not

his family is based purely on conjecture. We also find that the fact that Noel could not

name the months that Presidents Cedras and Aristide came to power does not lend support

to the adverse credibility finding; in contrast, it supports Noel's contention that he was

not involved in politics in general. However, the BIA's decision does not rest on either of

these findings. Rather, the BIA found the IJ's adverse credibility supported by the

---

[2] The Real ID Act of 2005 created a new INA § 208(b)(1)(B) [8 U.S.C.
§ 1158(b)(1)(B)] that apparently requires us to give even greater deference to an IJ's
credibility determinations, even to determinations relying on inconsistencies and
omissions that do *not* go "to the heart of" an alien's claims. Whatever the impact of this
new provision, however, it does not apply to cases such as this one, where the asylum
application was filed long before the enactment of the Real ID Act. Real ID Act of 2005,
Pub. L. No. 109-13, Div. B, § 101, 119 Stat. 231 (May 11, 2005).

4

inconsistencies between Noel's affidavit and his testimony. These inconsistencies involved the heart of his claim–how many men attacked him, and how they were dressed. The BIA also looked at Noel's evasive answers in attempting to explain the discrepancies. The manner in which an asylum applicant testifies may be considered in determining that he is not credible. Given the "extremely deferential" standard of review that only permits a reversal of factual findings "when the record evidence would 'compel' a reasonable factfinder to make a contrary determination," we find there are reasonable bases for the IJ's adverse credibility finding and the administrative record does not compel a contrary result. Chen v. Ashcroft, 376 F.3d 215, 223 (quotations omitted).

Further, even if Noel were to be found credible, we agree with the BIA that he did not produce any evidence to establish that he has a well-founded fear of persecution in the future. Even if it is true that he was beaten for not voting on one occasion, it is not clear that he has any reason to fear persecution on account of his political opinion in the future.[3]

Accordingly, for the reasons stated above we will deny the petition for review.

---

[3] Because Noel did not meet his burden of making out an asylum claim, he necessarily failed to allege facts sufficient to make the more demanding showing necessary for withholding of removal. See, e.g., Etugh v. INS, 921 F.2d 36, 40 (3d Cir. 1990). Furthermore, as the IJ concluded, see A.R. 57, nothing in the record suggests any probability that Noel will be tortured.