**PRECEDENTIAL**


UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1554
_____

MUKASH KUMAR MANEKLAL PATEL,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent


_____


On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A74 586 999)
Immigration Judge:  Honorable Eugene Pugliese
_____


Submitted Pursuant to Third Circuit LAR 34.1(a)
February 23, 2011
Before:  BARRY, HARDIMAN and
STAPLETON, *Circuit Judges*

(Opinion filed: February 24, 2011)

Harold D. Block, Esq.
710 North Plankinton Avenue
Milwaukee, WI 53203
　　　*Attorneys for Petitioner*

Dawn S. Conrad, Esq.
Matthew B. George, Esq.
Eric H. Holder, Jr., Esq.
Thomas W. Hussey, Esq.
United States Department of Justice
Office of Immigration Litigation, Civil Division
P.O. Box 878
Ben Franklin Station
Washington, DC 20044
　　　*Attorneys for Respondent*

_____

OPINION

_____

PER CURIAM

　　　Mukash Kumar Maneklal Patel, a citizen of India, entered the United States without inspection in January 1996. The former Immigration and Naturalization Service took him into custody in Texas. On January 14, 1996, Patel was personally served with an Order to Show Cause, which charged him with being deportable pursuant to former Immigration and Nationality Act ("INA") § 241(a)(1)(B) [8 U.S.C. § 1231(a)(1)(B)]. The Order to Show Cause was read to Patel in Hindi, and Patel acknowledged receipt by signing the Order. On April 5, 1996, Patel posted bond and was

2

released from detention. Patel later asserted that he was unaware of who had posted the money for his release, and "walked around aimlessly for 6 hours in the rain" until he found a bus depot. Patel boarded a bus for St. Louis, Missouri. Shortly thereafter, he traveled to Milwaukee, Wisconsin.

Meanwhile, Patel's family hired Saul Brown, an attorney in New York, who entered his appearance on April 12, 1996. On April 23, 1996, Attorney Brown submitted a motion to change venue, asserting that Patel was staying with friends in New Jersey. Over the Government's objections, the Immigration Court granted the motion and transferred the matter to the Immigration Court in Newark, New Jersey. By certified letter dated May 24, 1996, the Immigration Court notified Attorney Brown that Patel's master calendar hearing was scheduled for September 13, 1996. The record contains a signed return receipt, indicating that someone in Attorney Brown's office accepted the notice.

On August 27, 1996, Attorney Brown moved to withdraw from the case, arguing that he had not "seen or heard from the respondent since the respondent was released from detention . . . ." At the time, Attorney Brown acknowledged that Patel's next hearing was scheduled for September 13, 1996. The Immigration Court denied the motion to withdraw on September 6, 1996. Patel did not appear for the September 13, 1996, hearing, and he was ordered deported in absentia on September 16, 1996. Notice of the Immigration Judge's ("IJ") decision was mailed to Attorney Brown.

Thirteen years later, in September 2009, Patel filed a motion to reopen the proceedings on the ground that he had

not received proper notice of the hearing. The IJ denied the motion, holding that Patel "was provided with proper notice of his deportation case." The IJ noted that notice of his September 13, 1996, hearing was sent by certified by mail to Patel's attorney of record, that Patel had made no effort to contact his family to ascertain the name of the attorney who posted his bond, or to hire another attorney, and that he otherwise failed to "take[] reasonable action to determine his obligation to the Immigration Court and to his attorney of record." The Board of Immigration Appeals ("BIA") dismissed Patel's appeal. It agreed that Patel had received proper notice under the statutory requirements in effect in 1996. Even if Attorney Brown was not authorized to represent Patel, the BIA concluded that notice was adequate because Patel had not complied with the requirement, set forth in the Order to Show Cause, that he notify the Immigration Court of address and telephone number changes. Patel filed a timely petition for review from the order.

We have jurisdiction under INA § 242(a) [8 U.S.C. §252(a)]. "We review the denial of a motion to reopen a removal order entered in absentia for abuse of discretion." *Cabrera-Perez v. Gonzales*, 456 F.3d 109, 115 (3d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 323-24 (1992)). Thus, in order to succeed on the petition for review, Patel must ultimately show that the discretionary decision was somehow arbitrary, irrational, or contrary to law. *See Tipu v. INS*, 20 F.3d 580, 582 (3d Cir. 1994).

Because Patel's immigration proceedings were initiated prior to the 1996 amendments to the INA, we must apply the notice requirements set forth in former INA § 242B [8 U.S.C. § 1252b]. Under that statute, aliens were to be notified of the time and place of their deportation hearings

4

either in person or by certified mail sent to the alien or the alien's counsel of record. *See* INA § 242B(a)(2)(A) [8 U.S.C. § 1252b(a)(2)(A)]. In the event an alien failed to appear for a hearing, the Government had to prove "by clear, unequivocal, and convincing evidence" that the alien was provided with notice of the sort described in subsection (a)(2) and that the alien was deportable. INA § 242B(c)(1) [8 U.S.C. §1252b(c)(1)]. Written notice was sufficient if it was "provided at the most recent address" furnished by the alien. *Id.* The in absentia deportation order could be rescinded if the alien moved to reopen at any time and demonstrated that he did not receive notice in accordance with subsection (a)(2).[1] *See* INA §242B(c)(3)(B) [8 U.S.C. §1252b(c)(3)(B)].

We conclude that the BIA did not abuse its discretion in denying the motion to reopen because, for purposes of

---

[1] The proceedings could also be reopened at any time if the alien demonstrated that he was in custody and that the failure to appear was through no fault of his own. *See* INA § 242B(c)(3) [8 U.S.C. § 1252b(c)(3)]. Also, an in absentia order of removal could be rescinded "upon a motion to reopen filed within 180 days after the date of the order of deportation if the alien demonstrates that the failure to appear was because of exceptional circumstances." INA § 242B (c)(3)(A) [8 U.S.C. § 1252b(c)(3)(A)]. Neither of these provisions is applicable here because Patel was not in custody, his motion to reopen was filed 13 years after he was ordered deported in absentia, and, as noted below, he did not act diligently as would be required for equitably tolling the time period for filing a motion to reopen based on exceptional circumstances. *See Mahmood v. Gonzales*, 427 F.3d 248, 252 (3d Cir. 2005).

rescinding an in absentia removal order under INA § 242B(c)(3), Patel has failed to demonstrate that he "did not receive notice" of the hearing. It is clear that Attorney Brown was notified of the September 13, 1996, hearing. *See Santana Gonzalez v. Att'y Gen.,* 506 F.3d 274, 277 (3d Cir. 2007) (holding that a strong presumption of receipt applies when a notice from an Immigration Court is sent by certified mail). Furthermore, Patel no longer disputes that Attorney Brown was his counsel of record during the relevant time period. *Cf. Sewak v. INS*, 900 F.2d 667, 672-74 (3d Cir. 1990) (suggesting that new hearing would be required if petitioner could substantiate his allegations that his attorney was not authorized to enter an appearance on his behalf). In April 1996, Attorney Brown entered his appearance before the Immigration Court in Texas. On the Entry of Appearance form, Attorney Brown checked the box labeled "Deportation (Including Bond Redetermination)" to indicate the "type of proceeding for which I am entering an appearance." Attorney Brown then successfully moved for a change of venue to Newark, New Jersey. Shortly thereafter, on May 24, 1996, the Immigration Court notified Attorney Brown by certified letter that Patel's master calendar hearing was scheduled for September 13, 1996. Although Attorney Brown moved to withdraw from the case shortly before the scheduled hearing because he had "not seen or heard from" Patel, the IJ denied the motion. Thus, Attorney Brown was Patel's counsel of record when the hearing notice was sent and on the date of the hearing.[2]

---

[2] We agree with the BIA that, even assuming that Attorney Brown was not authorized to represent Patel, he cannot establish that he did not receive notice of the hearing.

Patel argues that "[f]or the in absentia order to be valid, . . . actual notice [of the hearing had to be] effected on [him] through Attorney Brown." We disagree. Service by certified mail to an alien's attorney can satisfy the INA's notice requirement. *See Scorteanu v. INS*, 339 F.3d 407, 412 (6th Cir. 2003); *see also Anin v. Reno*, 188 F.3d 1273, 1277 (11th Cir. 1999) ("[N]o statutory provision requires an alien to receive actual notice of a deportation proceeding."). Patel asserts, however, that "the purpose for serving [Attorney] Brown, as [his] representative, was defunct *ab initio*" because Attorney Brown was unable to contact him. Importantly, however, Patel contributed to his lack of notice by failing to make any effort to contact Attorney Brown or to keep himself apprised of his immigration proceedings.[3]  In *Bejar v.*

There is no evidence in the record that Patel complied with the requirement, set forth in the Order to Show Cause, that he inform the Immigration Court of his current mailing address. *See Gomez-Palacios v. Holder*, 560 F.3d 354, 360 (5th Cir. 2009) (recognizing that "an alien's failure to receive actual notice of a removal hearing due to his neglect of his obligation to keep the immigration court apprised of his current mailing address" does not entitle the alien to rescission of an in absentia removal order).

[3] Patel complains that the Order to Show Cause, which informed him of his obligation to update his current address with the Immigration Court, was read to him in Hindi, rather than his native language, Gujarati. Any claim related to the interpretation of the Order to Show Cause has been waived, however, because Patel did not exhaust it with the BIA. *See Lin v. Att'y Gen.,* 543 F.3d 114, 120 n.6 (3d Cir. 2008). He did allege in his motion to reopen that that "the only way [he]

*Ashcroft*, 324 F.3d 127, 129-30 (3d Cir. 2003), the petitioner's attorney had received notice of the removal hearing, but was unable to locate and communicate with his client because she had moved and had failed to provide her attorney with her new address. *See Mahmood*, 427 F.3d at 251 (discussing facts of *Bejar*). We stated that "we cannot entertain an appeal based on [petitioner's] allegation that she personally failed to receive notice, for it is undisputed that her former attorney received timely notice of her removal hearing, and service upon her attorney is considered to be legally sufficient." *Bejar,* 324 F.3d at 131. Here, given Patel's lack of diligence, we conclude that he has failed to demonstrate that he did not receive notice in accordance with INA § 242B(a)(2). Consequently, the BIA did not abuse its discretion in holding that Patel was not entitled to rescission of the in absentia deportation order.

For the foregoing reasons, we will deny the petition for review.

---

would have known [of] his obligation to apprise the Service of his current address – the papers the Service served upon release on bond – had been rain-soaked, waterlogged and obliterated." Because Patel has not argued this point in his opening brief, we will not consider it. *See Bradley v. Att'y Gen.,* 603 F.3d 235, 243 n.8 (3d Cir. 2010) (holding that argument not raised in opening brief is waived).