NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2532
_____

ROBERTO QUIHUIRI-PILATUNA,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A073-129-697)
Immigration Judge:  Honorable Frederic Leeds
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 18, 2012

Before:  SMITH and FISHER, *Circuit Judges*, and STEARNS,[*] *District Judge*.

(Filed: June 8, 2012)
_____

OPINION OF THE COURT
_____

_____

    [*] The Honorable Richard G. Stearns, District Judge for the United States District
Court for the District of Massachusetts, sitting by designation.

FISHER, *Circuit Judge*.

Roberto Quihuiri-Pilatuna ("Quihuiri") filed a motion to reopen his case in order to rescind the Immigration Court's *in absentia* order of deportation. An Immigration Judge ("IJ") denied the motion. While Quihuiri's appeal of the IJ's order was pending, he filed a separate motion to remand the case, claiming that his counsel had been ineffective. The Board of Immigration Appeals ("BIA") affirmed the IJ's denial of the motion to reopen and denied the motion to remand. Quihuiri timely filed a petition for review. For the reasons set forth below, we will deny his petition.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

On or about May 30, 1994, Quihuiri, a native of Ecuador, was apprehended by the Immigration and Naturalization Border Patrol after he entered the United States near Douglas, Arizona. He was issued an Order to Show Cause ("OSC") on May 31, 1994, by a Border Patrol Agent charging him with entering the United States without inspection. Because Quihuiri did not speak English at the time, he was allowed to call his friend in New Jersey, who spoke with the Agent and gave him the address where Quihuiri could be reached. The OSC reflected the address as written down by the Agent after speaking with Quihuiri's friend: "2407 Bergenlene Ave. #2, Union City, New Jersey." The OSC

2

also contained several warnings, including Quihuiri's responsibility to provide written notice to the IJ of any change in address or telephone number within five days of the change, the fact that hearing notices would be mailed only to the last address provided, and the potential consequences of failing to appear for the hearing. The Agent read the information in the OSC to Quihuiri in Spanish, his native language.

On June 29, 1994, the Immigration Court sent to Quihuiri, via certified mail, a written notice that his case was scheduled for hearing on September 29, 1994, at 8:30 a.m. The U.S. Postal Service returned the hearing notice to the Immigration Court, marked "Addressee unknown." On September 29, 1994, Quihuiri failed to appear for the scheduled hearing, so the IJ ordered him deported *in absentia* to Ecuador.

Quihuiri submits that he first learned of his 1994 deportation order in June 2005 with the help of his attorney, Melinda Rubin ("Rubin"). Rubin obtained a copy of Quihuiri's Immigration Court file in the process of filing an I-140 employment-based petition on Quihuiri's behalf, which was approved on April 23, 2007. At that time, according to Quihuiri, he told his attorney that the address on the OSC was incorrect and that his correct address was "2409 Bergenline Avenue, #2, Union City, New Jersey." Quihuiri maintains that Rubin told him "we should stick with it . . . because immigration would not believe if we change it."

On October 12, 2007, Rubin filed a motion to reopen to rescind his *in absentia* order of deportation with the Immigration Court. Quihuiri's accompanying affidavit

3

falsely stated that he "lived at the address . . . 2407 Bergenlene Ave., #2, Union City, NJ 07087 until March of 1995" and that he "never received, and or turned away mail" or "den[ied] being Jose Quihuiri for purposes of evading service." The IJ denied Quihuiri's motion to reopen, and Quihuiri filed a timely appeal to the BIA.

While his appeal of the IJ's decision was pending, Quihuiri filed with the BIA a separate motion to remand the case. He alleged that his counsel, Rubin, provided ineffective assistance because Rubin advised him to provide false information to the Immigration Court. As a result, Quihuiri contends, he signed an affidavit that falsely stated that he resided at "2407 Bergenlene Ave., #2, Union City, New Jersey," when he actually resided at "2409 Bergenline Avenue, #2, Union City, New Jersey." The BIA affirmed the IJ's decision denying the motion to reopen to rescind his *in absentia* order of deportation and denied the subsequent motion to remand. Quihuiri filed a timely appeal.

II.

We have jurisdiction under INA § 242(a), 8 U.S.C. § 1252, and review the BIA's denial of a motion to reopen for an abuse of discretion. *Patel v. Att'y Gen.*, 639 F.3d 649, 651 (3d Cir. 2011). Under this standard, the BIA's decision will not be disturbed unless it is "arbitrary, irrational, or contrary to law." *Fadiga v. Att'y Gen.*, 488 F.3d 142, 153 (3d Cir. 2007). And we treat a motion to remand while an appeal is pending as a motion to reopen because a remand necessarily requires the proceedings to be reopened.

4

*Korytnyuk v. Ashcroft*, 396 F.3d 272, 282 (3d Cir. 2005). Therefore, we also review the

motion to remand for an abuse of discretion. *Id.*

III.

First, the BIA did not abuse its discretion in affirming the denial of Quihuiri's

motion to reopen. As a preliminary matter, Quihuiri now disavows the critical factual

allegations, including his address at the time the deportation hearing notice was sent, that

were the bases of his initial motion to reopen. Moreover, he puts forth no meaningful

challenge to the BIA's decision, as his only argument relies entirely on the application of

the incorrect statutory provision.[1] Accordingly, he has waived judicial review of the

BIA's denial of the motion to reopen. *See Dwumaah v. Att'y Gen.*, 609 F.3d 586, 589 n.3

(3d Cir. 2010).

Even if we reach the merits of Quihuiri's claim, the BIA did not abuse its

discretion in affirming the IJ's denial of the motion to reopen. Because Quihuiri's

immigration proceedings were initiated in 1994, we must apply the former INA § 242B, 8

U.S.C. § 1252b, rather than the current provision implemented after the 1996

amendments to the Immigration and Nationality Act ("INA"). *Patel*, 639 F.3d at 651.

"Under [the former] statute, aliens were to be notified of the time and place of their

---

[1] Quihuiri's only challenge to the denial of his motion to reopen is that the IJ did not apply the "reasonable cause" standard for failing to appear at his deportation hearing. But the "reasonable cause" standard is only applicable to deportation proceedings prior to June 13, 1992. INA § 242(b), 8 U.S.C. § 1252(b) (1992); 57 Fed. Reg. 5180-03 (Feb. 12, 1992). Quihuiri's immigration proceedings were not initiated until 1994, so the "reasonable cause" standard is inapplicable.

5

deportation hearings either in person or by certified mail sent to the alien or the alien's counsel of record." *Id.* (citing INA § 242B(a)(2)(A), 8 U.S.C. § 1252b(a)(2)(A)). An *in absentia* order of deportation could have been rescinded by an IJ if the alien filed a motion to reopen at any time and demonstrated that he did not receive notice. INA § 242B(c)(3), 8 U.S.C. § 1252(b)(3) (1994). "Written notice was sufficient if it was 'provided at the most recent address' furnished by the alien." *Patel*, 639 F.3d at 651 (quoting INA § 242B(c)(1), 8 U.S.C. § 1252b(c)(1)). But actual notice was not required to satisfy the INA's notice requirement when an alien's own lack of diligence contributed to the lack of notice. *Patel*, 639 F.3d at 652.

As the BIA found, Quihuiri was personally served with the OCS, which contained the address recorded by the Border Patrol Agent as well as pertinent warnings regarding how he would be informed of the deportation hearing and the consequences for failing to appear at the hearing. This information was read to him in his native language of Spanish. Despite having knowledge that he was subject to a deportation hearing, Quihuiri neglected to stay apprised of the proceeding for over ten years. Even when Quihuiri first discovered in 2005 that an *in absentia* deportation order had been entered against him in 1994, he failed to contact the IJ or otherwise follow up until 2007, which is when he filed the motion to reopen. Given Quihuiri's lack of diligence, he failed to demonstrate that he did not receive notice in accordance with INA § 242B(a)(2), 8 U.S.C.

6

§ 1252b(a)(2). *See Patel*, 639 F.3d at 652. Accordingly, the BIA did not abuse its discretion in affirming the IJ's denial of his motion to reopen.

Second, the BIA did not abuse its discretion in denying Quihuiri's subsequent motion to remand. Because the ultimate reliefs requested by Quihuiri – the rescission of the *in absentia* order and the adjustment of his status – were discretionary in nature, the BIA was permitted to deny his motion on the basis that, in the end, Quihuiri would not be entitled to the discretionary grant of relief.[2] *See INS v. Abudu*, 485 U.S. 94, 105 (1988). In such cases, the BIA need not consider the threshold issues of whether the petitioner established a prima facie case for the underlying substantive relief or introduced previously unavailable, material evidence. *See id.*

The BIA did not abuse its discretion in denying the motion to remand, which was based on a claim that his counsel provided ineffective assistance. Quihuiri admittedly provided false information in the affidavit accompanying his motion to reopen. The doctrine of *falsus in uno, falsus in omnibus* supports an inference that Quihuiri, who willfully falsified one document, was not credible as to other evidence, including his subsequent affidavit claiming ineffective assistance. *Cf. Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147 (2d Cir. 2007); *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("An IJ may, either expressly or impliedly, rely on *falsus in uno* to discredit evidence that does

---

[2] Although this principle applies to motions to reopen, we treat a motion to remand while an appeal is pending, which is the case here, as a motion to reopen because a remand necessarily requires the proceedings to be reopened. *See Korytnyuk v. Ashcroft*, 396 F.3d 272, 282 (3d Cir. 2005).

not benefit from corroboration or authentication independent of the petitioner's *own* credibility."). We also find no support for the proposition that his attorney's alleged advice to mislead the Immigration Court necessarily excuses Quihuiri's ultimate decision to knowingly provide false information in an affidavit taken under oath. Thus, we cannot say that the BIA's exercise of its broad discretion here was "arbitrary, irrational, or contrary to law." *Korytnyuk*, 396 F.3d at 293. This is especially true where finality of the litigation is strongly favored, as is the case with immigration proceedings. *See INS v. Doherty*, 502 U.S. 314, 323 (1992).

IV.

For the foregoing reasons, we will deny Quihuiri's petition for review.