NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 09-4650 & 12-1789
_____

NASER HASHEM SULEIMAN ASHISH; HAMAM N. ASHISH,

Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES

Respondent
_____

On Petition for Review of a Final Order
of the Board of Immigration Appeals
Immigration Judge:  Honorable Frederic G. Leeds
(Nos. A097-847-412 and A070-868-799)
_____

Submitted Under Third Circuit LAR 34.1(a)
November 14, 2012
_____

Before: AMBRO, BARRY, and VAN ANTWERPEN, Circuit Judges

(Opinion filed: January 07, 2013)
_____

OPINION
_____

AMBRO, Circuit Judge

In these consolidated cases, Petitioners Naser Hashem Suleiman Ashish and

Hamam N. Ashish seek our review of an Immigration Judge's 2009 removal order and

1

the Board of Immigration Appeals' final decision affirming the IJ's later denial of their petition to reopen.

Because we write for the parties, who are familiar with the lengthy procedural history of this case, we recite only those facts necessary for our decision. Petitioners conceded their removability in the course of removal proceedings but together sought asylum, withholding of removal, and protection under the Convention Against Torture. In 2007, an IJ granted Petitioners' asylum petition. The Government appealed the IJ's ruling to the BIA. While the BIA was considering the appeal, Petitioners left the United States to tend to Naser's wife (Hamam's mother), who was undergoing treatment for cancer.

The BIA then remanded Petitioners' case to the IJ for further factual findings. Petitioners applied to the Department of Homeland Security for advanced parole so they would be able to reenter the United States and pursue their case. This application was denied. In 2009, the IJ entered removal orders *in absentia*, holding that Petitioners abandoned their request for relief from removal by failing to ensure their ability to reenter the country. They sought our review of the IJ's orders in case No. 09-4650.

While that petition was pending before us, Petitioners filed a motion with the IJ to reopen their case and rescind the removal orders. In 2010, the IJ denied this motion and Petitioners appealed to the BIA. We granted the Government's request to hold the No. 09-4650 petition in abeyance while the BIA reviewed the IJ's refusal to reopen Petitioners' case. In February of 2012, the BIA affirmed the IJ's order and dismissed the appeal. The BIA concluded that there was no reason to reopen Petitioners' case because

2

their applications for relief from removal were moot, as they had left the United States. Petitioners sought our review of that decision in case No. 12-1789.

We combined the two cases and, after supplemental briefing by the parties, now dismiss the No. 09-4650 petition and deny the No. 12-1789 petition.

When Petitioners filed the No. 09-4650 petition challenging the IJ's 2009 removal order, it was unclear if they had exhausted their administrative remedies (because the post-departure ban of 8 C.F.R. § 1003.2(d) prevented them from seeking further administrative review) and thus whether we had jurisdiction to hear the case. Pursuant to our recent holding in *Prestol Espinal v. Attorney General*, 653 F.3d 213, 218 (3d Cir. 2011), the post-departure ban did not prevent Petitioners from filing a motion to reopen with the IJ and appealing to the BIA. Hence we hold that Petitioners did not exhaust their administrative remedies prior to filing petition No. 09-4650 for review and we lack jurisdiction to review it. 8 U.S.C. § 1252(d)(1).

That jurisdictional bar is not at issue in No. 12-1789, the petition for review of the BIA's 2012 decision upholding the IJ's refusal to reopen Petitioners' case.[1] When the BIA issues its own decision, it is that decision, not that of the IJ, we review. *Hanif v. Att'y Gen.*, 694 F.3d 479, 483 (3d Cir. 2012). We review the BIA's denial of a motion to reopen for abuse of discretion and will reverse only if it is "arbitrary, irrational, or contrary to law." *Patel v. Att'y Gen.*, 639 F.3d 649, 651 (3d Cir. 2011).

---

[1] The Government argues that we should dismiss this petition because Petitioners do not challenge the BIA's 2012 decision. Although we agree that Petitioners' brief focuses on the IJ's decision, we nonetheless address the merits of the BIA's decision.

In order to seek asylum, withholding of removal, or protection under the Convention Against Torture, an alien must be present in the United States. 8 U.S.C. §§ 1158(a)(1), 1231(b); *see also* 8 C.F.R. § 208.8. Petitioners are not, and thus the BIA's decision to deny their petition to reopen in order for them to pursue these protections was not arbitrary, irrational, or contrary to law. Petitioners argue that they cannot reenter the United States because the DHS unfairly denied their applications for advance parole. We do not have jurisdiction to review the Attorney General's exercise of discretion in decisions to grant or deny parole, 8 U.S.C. §§ 1182(d)(5)(A) & 1252(a)(2)(B)(ii), nor can Petitioners claim a due process violation for the denial of this discretionary relief. *Hernandez v. Gonzales*, 437 F.3d 341, 346 (3d Cir. 2006) ("Aliens who seek only discretionary relief . . . have no constitutional right to receive that relief."). In this context, we cannot find that the BIA's decision was an abuse of discretion.

We thus dismiss the petition in No. 09-4650 and deny the petition in No. 12-1789.

4