**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-3302

_____

BLANCA ESTENIA RAMIREZ-MELGAR,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent

_____

ON PETITION FOR REVIEW OF A FINAL ORDER
OF THE BOARD OF IMMIGRATION APPEALS
(Agency No. A200-113-573)
Immigration Judge:  Honorable Annie S. Garcy

_____

Submitted Under Third Circuit LAR 34.1(a)
April 24, 2015

_____

Before: CHAGARES, JORDAN and BARRY, Circuit Judges

(Opinion Filed:  May 12, 2015)

_____

OPINION[*]

_____

BARRY, Circuit Judge

        Blanca Ramirez-Melgar ("Ramirez") petitions for review of an order of the Board

_____

[*]  This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

of Immigration Appeals ("BIA"). The BIA affirmed the Immigration Judge's ("IJ") denial of Ramirez's motion to reopen her seven-year-old order of removal, and determined that her due process rights had not been violated in the proceeding before the IJ. We will deny the petition for review.

**I**

Ramirez, a native and citizen of El Salvador, entered the United States without inspection on approximately November 27, 2005, and was charged as removable the following day. Ramirez was personally served a Notice to Appear and was informed in Spanish of the time and place of the removal hearing. She failed to appear at the original hearing set for January 17, 2006, or the rescheduled hearing held on February 27, 2006, notice of which had been provided to her by mail. As a result, the IJ ordered Ramirez's removal from the United States to El Salvador.

Nearly seven years later, on February 12, 2013, while apparently in the custody of the Department of Homeland Security following her arrest for driving without a license, Ramirez moved to reopen the order of removal, alleging both lack of notice and her intent to now seek asylum. Although promised, no corroborating evidence was provided, and the IJ denied Ramirez's motion to reopen on March 3, 2013.

The BIA affirmed. Noting that ordinary mail, properly sent, is presumed received, the BIA agreed with the IJ that Ramirez received notice of the rescheduled removal hearing after she failed to appear at the originally scheduled one: notice was mailed to a valid address provided by her, was not returned as undeliverable, and Ramirez offered no

2

evidence of non-receipt. The BIA also found that the IJ properly denied Ramirez's motion to reopen insofar as it sought leave to apply for asylum, given that no evidence was submitted to support it. Indeed, even before the BIA, Ramirez failed to identify anything that would have established *prima facie* eligibility for asylum. Lastly, the BIA found unavailing Ramirez's claim that the IJ's prompt decision denied her due process.

## II

We have jurisdiction under 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion, reversing only if the BIA's decision was arbitrary, irrational, or contrary to law. *Patel v. Att'y Gen. of U.S.*, 639 F.3d 649, 651 (3d Cir. 2011). Although we ordinarily review the BIA's decision as the final agency decision, where "the BIA both adopts the findings of the IJ and discusses some of the bases for the IJ's decision," as here, "we have authority to review the decisions of both the IJ and the BIA." *Chen v. Ashcroft*, 376 F.3d 215, 222 (3d Cir. 2004). We review findings of fact for substantial evidence and must uphold such findings unless the evidence compels a contrary conclusion. *Abdille v. Ashcroft*, 242 F.3d 477, 483-84 (3d Cir. 2001). We exercise plenary review over Ramirez's claim of a violation of her due process rights. *Chong v. Dist. Dir., INS*, 264 F.3d 378, 386 (3d Cir. 2001).

## III

An *in absentia* removal order may be rescinded at any time if a movant demonstrates lack of notice. 8 U.S.C. § 1229a(b)(5)(C)(ii). Ramirez argues to us that she did not receive notice because her then-fiancé withheld her mail. But this argument was

3

not developed before the IJ, and her ex-fiancé was referenced only once in an unsworn statement from her attorney that did not explain the relationship's relevance.

On the other hand, Ramirez was personally served the first Notice to Appear, and notices of both her original and rescheduled hearings were mailed to the address that she provided. Notice is sufficient under the statute "if provided at the most recent address provided," 8 U.S.C. § 1229a(b)(5)(A), and, when sent by regular mail, is presumed received. *Santana Gonzalez v. Att'y Gen.*, 506 F.3d 274, 278-79 (3d Cir. 2007). A sworn affidavit or circumstantial evidence can rebut this presumption, *id.* at 279-81, but Ramirez submitted no such evidence in support of her motion. The BIA found Ramirez's unsubstantiated and unexplained assertions insufficient to rebut the presumption of receipt and thus found no error in the IJ's finding that notice was proper. We agree without further discussion.

A motion to reopen may, of course, be brought to allow an application for asylum "based on changed country conditions arising in the country of nationality" shown by newly available, material evidence. 8 U.S.C. § 1229a(c)(7)(C)(ii). Ramirez, however, explicitly conceded in her brief to the IJ that conditions in El Salvador had *not* changed. A motion to reopen on this ground must also state a *prima facie* case for asylum based on "a well-founded fear of persecution," *Etugh v. INS*, 921 F.2d 36, 39 (3d Cir. 1990), by "produc[ing] objective evidence showing a reasonable likelihood that [s]he can establish that [s]he is entitled to relief," *Khan v. Att'y Gen.*, 691 F.3d 488, 496 (3d Cir. 2012) (first alteration in original) (quoting *Guo v. Ashcroft*, 386 F.3d 556, 563 (3d Cir. 2004))

4

(internal quotation marks omitted). Ramirez's asylum application did no more than summarily allege that she helped her brother escape Salvadoran gangs, or "*maras*," and feared kidnapping or torture should she return. As the BIA found, the IJ correctly held that that was simply not enough.

**IV**

Due process protections extend to aliens facing removal. *Kamara v. Att'y Gen.*, 420 F.3d 202, 211 (3d Cir. 2005). Ramirez contends that she was denied an opportunity to submit supporting evidence because the IJ ruled on her motion to reopen approximately 12 days after it was filed.[1] Ramirez, however, bore the burden of showing in her moving papers that reopening was warranted. *See* 8 U.S.C.A. § 1229a(c)(7)(B) ("The motion to reopen shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material."); 8 C.F.R. § 1003.2(c) ("A motion to reopen proceedings for the purpose of submitting an application for relief must be accompanied by the appropriate application for relief and all supporting documentation."). She failed to do so. Nor did she request leave to file additional evidence, even after the IJ set a prompt March 1st deadline for the government's opposition papers, and she has offered no authority to support a finding that an expeditious decision alone violates due process.

---

[1] Ramirez's initial filing was rejected due to improper proof of service, and she refiled one week later, defect corrected, such that 19 days, rather than 12, passed between her initial motion and the IJ's decision.

**V**

We will deny Ramirez's petition for review.