**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 17-3208

———————————

VICTOR VIDAL,
a/k/a Victor Saul Vidal Orellana,
a/k/a Victor S. Vidal Orellana,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent

———————————

On Petition for Review of a Decision of the
United States Department of Justice
Board of Immigration Appeals
(BIA-1: A073-533-626)
Immigration Judge: Ramin Rastegar

———————————

Submitted Under Third Circuit L.A.R. 34.1(a)
on July 9, 2018

Before: GREENAWAY, JR., RESTREPO, and BIBAS, *Circuit Judges*

(Opinion Filed:  August 2, 2018)

———————————

OPINION*

———————————

————————————

  * This disposition is not an opinion of the full Court and, under I.O.P. 5.7, does not constitute binding precedent.

BIBAS, *Circuit Judge*.

Victor Vidal entered the United States illegally in the early 1990s. In 1994, he applied for asylum. The immigration judge denied Vidal's application, and the government sought to remove him. So Vidal hired a lawyer, who again applied for asylum and sought withholding of removal.

The immigration judge set a date for Vidal's hearing and rescheduled it several times at his lawyer's request. At the rescheduled hearing in 1996, Vidal's lawyer attended. But Vidal did not, though his lawyer admitted that Vidal knew when and where the hearing would occur. So the immigration judge deemed his applications for relief abandoned and ordered him removed, as required by statute. 8 U.S.C. § 1229a(b)(5)(A) (formerly 8 U.S.C. § 1252b(c)(1)).

Vidal fell out of contact with his lawyer and so did not learn of the order right away. Still, he left the country and returned to his native Guatemala in 1996. While there, he learned of the order. Despite the removal order, he returned to the United States in 1998 and has lived here since. In 2017, Vidal was arrested for a traffic violation. The Department of Homeland Security found him and sought to remove him based on the 1996 order.

Vidal then sought to reopen that order on three grounds: He challenged the order's validity, alleged that conditions in Guatemala had changed so as to warrant asylum and withholding of removal, and asked the immigration judge to reopen his case sua sponte. The immigration judge denied those requests. He held that Vidal did not qualify for equitable tolling, had not shown changed country conditions, and did not merit sua sponte reopening.

The Board of Immigration Appeals affirmed, and Vidal now petitions us for review. We will deny his petition.

The Board had jurisdiction under 8 U.S.C. § 1103 and 8 C.F.R. § 1003.1(b)(2). We have jurisdiction under 8 U.S.C. § 1252(b)(1).

1. *Vidal does not qualify for equitable tolling.* When an alien fails to attend a removal hearing, the immigration judge must order him removed if he is removable and was served with written notice of the hearing. 8 U.S.C. § 1229a(b)(5)(A). To rescind that order, an alien who received notice may move to reopen within 180 days of the removal order. *Id.* § 1229a(b)(5)(C)(i) (formerly 8 U.S.C. § 1252b(c)(3)(A)). Here, Vidal's lawyer received notice and attended the 1996 hearing, which satisfies the notice requirement. *See* 8 C.F.R. § 292.5(a); *Patel v. Att'y Gen.*, 639 F.3d 649, 651 (3d Cir. 2011); *Bejar v. Ashcroft*, 324 F.3d 127, 131 (3d Cir. 2003) ("[T]he regulations make clear that when an alien is represented, service on the alien's attorney constitutes notice to the alien."). So his current challenge comes more than 20 years late.

Equitable tolling can rescue belated motions to reopen, but only for aliens who can show due diligence over the whole period. *Alzaarir v. Att'y Gen.*, 639 F.3d 86, 90 (3d Cir. 2011). We review the Board's determination of diligence for abuse of discretion. *Id.* at 89.

Vidal has offered no evidence of diligence across the two decades, and we see none in the record. So the Board did not abuse its discretion when it found a want of diligence, nor when it denied relief on that basis. Vidal's challenges to the 1996 order are thus time-barred.

2. *The Board rationally rejected Vidal's claim of changed country conditions.* An alien may move to reopen to apply for asylum based on changed country conditions at any time. 8 U.S.C. § 1229a(c)(7)(C)(ii). To succeed, he must offer evidence that is material and was previously unavailable. *Id.*; 8 C.F.R. § 1003.2(c)(3)(ii); *Bamaca-Cifuentes v. Att'y Gen.*, 870 F.3d 108, 112 (3d Cir. 2017). We will uphold the Board's ruling on a motion to reopen unless it was "arbitrary, irrational, or contrary to law." *Bamaca-Cifuentes*, 870 F.3d at 112 (internal quotation marks omitted).

To show changed conditions in Guatemala, Vidal submitted a newspaper article that describes how four young men assaulted two others. He also submitted affidavits attesting to gang violence, including threats and extortion of Vidal and his family. But these concerns resemble the concerns Vidal expressed more than two decades ago, when both guerrillas and gangs perpetrated violence and threatened his family. So the Board rationally found that Vidal had not proven changed circumstances.

3. Finally, this Court cannot review the Board's decision not to sua sponte reopen Vidal's case. *Calle-Vujiles v. Ashcroft*, 320 F.3d 472, 475 (3d Cir. 2003).

We will therefore dismiss the petition for review.