**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2118
_____

ZONIA MARIBEL LOPEZ-RAMIREZ; FRISDY MARIBEL MORALES-LOPEZ,
Petitioners

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(BIA 1:A206-783-587 and 1:A206-783-593)
Immigration Judge: Steven A. Morley
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 14, 2022

Before: JORDAN, KRAUSE and PORTER, *Circuit Judges*

(Filed: March 18, 2022)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

An Immigration Judge ("IJ") denied Petitioner Zonia Lopez-Ramirez's[1]

application for asylum, withholding of removal, and deferral of removal under the

Convention Against Torture ("CAT"), and the Board of Immigration Appeals ("BIA")

dismissed her appeal. She twice moved unsuccessfully before the BIA for

reconsideration of its initial decision and to reopen her removal proceedings. Now she

seeks review of the BIA's denial of her second motion as number-barred. We will deny

her petition.

## I.    BACKGROUND

Lopez-Ramirez is a native and citizen of Guatemala who entered the United States

in 2014. When the government commenced removal proceedings against her, she applied

for asylum, withholding of removal, and protection under the CAT. At her hearing

before an IJ in December 2017, she testified to fleeing Guatemala after receiving two

threats from the Piwis Locos gang demanding that she pay them or else they would kill

her and rape her daughter. She also presented evidence that gang violence and other

criminal activity was a significant problem in Guatemala.

The IJ denied Lopez-Ramirez's application. It found that she had an objectively

reasonable fear of future persecution in part because the country-conditions evidence she

---

[1] Lopez-Ramirez's daughter, Frisdy Morales-Lopez, who was a minor when the immigration proceedings began, was a derivative beneficiary of her mother's application and also filed her own application. For simplicity, and following the parties' lead, we attribute the petitioners' arguments to lead petitioner Lopez-Ramirez in the singular.

2

submitted showed that "gangs and cartels in Guatemala operate with impunity" and that Guatemalan women are "systemically targeted for extortion, rape, torture, and murder" and are "especially vulnerable to gang and cartel related violence." (App. at 25-26.) The IJ nonetheless found her ineligible for asylum and withholding of removal for several reasons, including her failure to demonstrate that her fear of persecution was on account of her membership in a cognizable particular social group. The IJ also held that she did not qualify for protection under the CAT. Lopez-Ramirez appealed to the BIA, which in March 2020 adopted and affirmed the IJ's decision.

Rather than petitioning us to review the BIA's decision, she instead filed with the BIA a joint "motion to reconsider and/or reopen" the denial of her application. (A.R. at 78.) She pointed to various legal and factual errors that she said the IJ and BIA had made. She also claimed that reopening her proceedings was justified due to "worsening country conditions in Guatemala, namely, the growing and pervasive power of the MS-13 gang[,]" of which the Piwis Locos gang that extorted her was a subsidiary. (A.R. at 85-86.) In support, she submitted reports and news articles about the impact of gang violence and extortion on Guatemala and Central America.

The BIA denied the motion in September 2020, finding no error in its initial denial of relief. It concluded that there was insufficient evidence of changed country circumstances to merit reopening, since most of the documents that Lopez-Ramirez submitted predated her hearing before the IJ. The more recent evidence, meanwhile, reflected "a continuing problem with gangs" that existed at the time of her hearing and thus did not demonstrate a "material change in country conditions[.]" (App. at 6-7.)

3

Undeterred, Lopez-Ramirez tried again and filed a second joint "motion to reconsider and/or reopen." (A.R. at 23.) Again, she claimed to have identified erroneous legal conclusions and factual findings in the BIA's original decision. This time, though, she offered another basis for her motion to reopen: the fact that her son had since fled Guatemala and applied for asylum in the United States. Lopez-Ramirez explained that her son had been repeatedly harassed by gang members in Guatemala, who extorted him and threatened his and his family members' lives at gunpoint. Those threats, Lopez-Ramirez argued, demonstrated that "crime and gang activity [in Guatemala] continue[d] to increase," making reopening appropriate. (A.R. at 31.)

The BIA denied her second motion in May 2021 as number-barred. The BIA noted that, while the number bar does not apply to successive motions to reopen based on changed country conditions, the experiences of Lopez-Ramirez's son evinced "changed personal circumstances" and did not show that Guatemala's "ongoing gang problem" had gotten worse. (App. at 2-4.)

Lopez-Ramirez then timely filed the pending petition for review.

## II.    DISCUSSION

The petition presents a number of issues, most of them focused on the merits of the BIA's affirmance of the IJ's denial of relief and its refusal to reconsider that initial decision. An additional argument is that changed circumstances in Guatemala justified exempting the second motion for reopening from the number bar. None of Lopez-Ramirez's arguments, however, entitle her to relief.

4

## A.      Jurisdiction

As a threshold matter, the limits on our jurisdiction render us unable to pass on many of the issues Lopez-Ramirez raises.  We have jurisdiction to review a final order of removal, provided that the petitioner seeks review of the decision within thirty days. 8 U.S.C. § 1252(a)(1), (b)(1).  That thirty-day deadline is "mandatory and jurisdictional" and is not tolled by the filing of a motion for reconsideration or a motion to reopen. *Stone v. INS*, 514 U.S. 386, 394-95, 405 (1995) (citation omitted).  Rather, a petitioner seeking review of both the BIA's initial ruling and its denial of a motion for reconsideration or reopening must timely file a separate petition for review of each order. *Id.* at 394-95, 401-03.

Lopez-Ramirez did not file a petition for review within thirty days of the BIA's March 2020 decision affirming the IJ's denial of relief or of the BIA's September 2020 denial of her first motion to reconsider and reopen.  We therefore have no jurisdiction to consider Lopez-Ramirez's arguments about the alleged errors in the merits of the BIA's initial decision affirming the denial of relief.[2]  And to the extent that Lopez-Ramirez challenges the BIA's rejection of her first motion, we are likewise unable to review her contentions.  That leaves for our review only her challenge to the BIA's denial of her second motion for reconsideration and to reopen, which she timely brought.

---

[2] Of course, "[s]ome review of the merits decision" would be necessary in reviewing the propriety of the BIA's refusal to reconsider an initial denial of relief. *Castro v. Att'y Gen.*, 671 F.3d 356, 364 (3d Cir. 2012).  We need not cross that bridge here, though, since the BIA's second denial of reconsideration was based on the number bar and not on any merits issue.

## B.     Second Motion for Reconsideration

An alien may file only "one motion to reconsider a decision that the alien is removable from the United States."  8 U.S.C. § 1229a(c)(6)(A); *accord* 8 C.F.R. § 1003.2(b)(2).  Lopez-Ramirez tries to avoid that number bar by claiming, for the first time on reply, that her second motion for reconsideration was actually a "request for en banc review" that differed from a second motion to reconsider.  (Reply Br. at 1-2.)  But she did not raise that argument in her opening brief or contest on any other ground the BIA's denial of her motion to reconsider as number-barred.  She has thus forfeited any challenge to that denial.  *Patel v. Att'y Gen.*, 639 F.3d 649, 652 n.3 (3d Cir. 2011).

## C.     Second Motion to Reopen[3]

As with motions to reconsider, an alien may file only "one motion to reopen proceedings[.]"  8 U.S.C. § 1229a(c)(7)(A).  What distinguishes the motion to reopen, however, is that an applicant can bring a second one if it is "based on changed circumstances" in her country of origin and is supported by evidence that "is material and was not available and could not have been discovered or presented at the previous hearing[.]"  8 C.F.R. § 1003.2(c)(3)(ii).[4]

_____

[3]  Given the "disfavored" status of motions to reopen, we review for abuse of discretion the denial of such a motion, and we "will not disturb the BIA's determination unless it is arbitrary, irrational, or contrary to law."  *Darby v. Att'y Gen.*, 1 F.4th 151, 159 (3d Cir. 2021).  We review conclusions of law de novo and findings of fact for substantial evidence.  *Id.*

[4] Section 1229a does not appear to expressly contemplate a similar exception to the number bar; it contains one only for its ninety-day *time* bar.  8 U.S.C. § 1229a(c)(7)(A), (C)(ii).  We need not resolve whether § 1229a in fact authorizes lifting the number bar in the face of changed country conditions or whether 8 C.F.R. § 1003.2(c)

Lopez-Ramirez seeks the advantage of that exception by citing two sets of evidence that she says demonstrate worsening conditions in Guatemala. Neither fits the bill.

She first argues that gangs such as MS-13 have used extortion and violence to gain more "economic and social power" in recent years. (Opening Br. at 19-20.) But Lopez-Ramirez did not assert that argument in her second motion – she did so only in her first – so she could rightly be held to have forfeited it. *See Khan v. Att'y Gen.*, 979 F.3d 193, 201 n.6 (3d Cir. 2020) (refusing to consider an issue the petitioner "did not raise before the BIA"). At any rate, most of the reports and news articles that Lopez-Ramirez provided in support of that argument predated her December 2017 hearing before the IJ. Those materials, therefore, were not evidence that "could not have been … presented" at her hearing. 8 C.F.R. § 1003.2(c)(3)(ii). The two post-2017 documents she submitted, meanwhile, "largely dealt with ongoing problems in Guatemala" – namely, extortion and other criminal activity by gangs such as MS-13 – and thus "did not provide a basis for finding that there was a material change in conditions there[.]" *Bamaca-Cifuentes v. Att'y Gen.*, 870 F.3d 108, 113 (3d Cir. 2017).

Lopez-Ramirez also points to her son's subsequent flight from Guatemala after facing threats and extortion from gang members as evidence that gangs in the country have become more powerful and dangerous. But the persecution of a single person,

---

is consistent with the statute, since Lopez-Ramirez would not qualify for that exception in any event.

absent more, is not enough to establish that circumstances in Guatemala have markedly changed for the worse. *See, e.g.*, *Yahya v. Sessions*, 889 F.3d 392, 396 (7th Cir. 2018) (per curiam) (concluding that "evidence of only one attack" against members of petitioner's religious subgroup was "not sufficient to show a material change"); *Singh v. Lynch*, 840 F.3d 220, 222-23 (5th Cir. 2016) (per curiam) ("[Petitioner]'s assertion that he fears for his safety upon returning to India, given the new threats and violence experienced by his mother … , amounts to a change in personal circumstances and does not constitute changed country conditions."); *Zheng v. Mukasey*, 523 F.3d 893, 896 (8th Cir. 2008) (finding evidence of two incidents of persecution inadequate to demonstrate material change).

None of the evidence Lopez-Ramirez offers, then, constitutes material evidence of changed country conditions that would entitle her to circumvent the number bar. As a result, the BIA did not abuse its discretion in denying her second motion to reopen.

## III. CONCLUSION

For the foregoing reasons, we will deny the petition for review.